UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY TARON SMITH,<br>Plaintiff,<br>v.<br>LATHROM LOGISTICS, LLP,<br>Defendant. | 2:26-cv-01632-DJC-CKD<br><br>ORDER |

Plaintiff moves to quash four subpoenas duces tecum defendant issued to non-party Kaiser Permanente ("Kaiser") for plaintiff's medical records, mental health treatment records, pharmacy records, and billing records. (ECF Nos. 10, 13, 14, 15.) These motions are suitable for decision without oral argument under Local Rule 230(g). Accordingly, the hearing set for October 28, 2026, is vacated. For the reasons set forth below, the motions to quash are denied.

## I. Background

Plaintiff Jeremy Smith filed the operative complaint in the San Joaquin County Superior Court. Plaintiff brings state-law claims including under California's Fair Employment and Housing Act alleging disability discrimination, harassment \ hostile workplace environment, retaliation, wrongful termination, age discrimination, disability discrimination, retaliation, failure to accommodate physical disability, failure to engage in a good faith interactive process, failure to

prevent discriminatory practices, wrongful termination, and age discrimination. (ECF No. 1-3 at 4-25.) Defendant filed the notice of removal on April 24, 2026, asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (ECF No. 1.)

Plaintiff filed the motions to quash on October 2, 2026. The parties filed their joint statement on the discovery dispute on October 14, 2026. (ECF No. 17.)

## II. Legal Standard

"As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c). A non-party witness is subject to the same scope of discovery under Rule 45 as is a party under Rule 34. See Advisory Committee Notes to 1970 Amendment to Fed. R. Civ. P. 45.

Under the Federal Rule of Civil Procedure 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 45(d)(3)(A) sets forth the bases for a court to quash or modify a subpoena, and provides, in pertinent part, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden" Fed. R. Civ. P. 45(d)(3)(A)-(B). "The general rule ... is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997)).

## III. Discussion

Plaintiff moves to quash the subpoenas primarily on the basis that they require the disclosure of privileged or unrelated private health information. (ECF No. 17 at 3, 10.) Plaintiff

argues the subpoenas, which reach back to January 1, 2016, exceed the relevant history for this case because the condition underlying his freezer restriction at work was diagnosed and documented in 2021, while the harassment complaint, workplace injury, and termination at issue in the complaint occurred in 2025. (Id. at 11.) Plaintiff argues his hire date does not make relevant every medical record during his tenure. (Id.) Plaintiff argues the subpoenas reach conditions he has not placed at issue and proposes a compromise procedure under which Kaiser, the subpoenaed non-party, would produce to both parties simultaneously a modified, more limited scope of records from January 2021 to the present which plaintiff may then further redact as to information outside the modified scope. (Id. at 12-13.) Plaintiff also argues certain requests for communications with "subject attorney(s)" may reflect his counsel's mental impressions which are protected as work product. (Id. at 13.)[1]

Defendant opposes the motions to quash, arguing the subpoenas are not overbroad as to time or scope. (ECF No. 17 at 14-17.) Defendant argues plaintiff's arguments improperly attempt to limit the scope of the records solely to plaintiff's disability when his claims allege past and ongoing emotional distress. (Id. at 22.) Defendant argues plaintiff's objections for privacy, privilege, and attorney-client work product lack merit. (Id. at 17-21.) Defendant argues plaintiff's proposed compromise is not viable because it would unfairly allow plaintiff to determine what is relevant to this action and put an onerous burden on a non-party to review the records prior to production in order to produce only certain categories of documents. (Id. at 22.)

The general rule applies here that plaintiff has no standing to quash a subpoena served upon a third party, except as to claims of privilege. See Cal. Sportfishing Prot. All., 299 F.R.D. at 643; Wheat v. Wal-Mart Assocs., Inc., No. 1:22-CV-01524-BAM, 2023 WL 8544226, at *3 (E.D. Cal. Dec. 11, 2023) (citing collected cases and denying motion to quash as to party's objections for relevance, overbreadth, and not narrowly tailored). In any event, the subpoenas are not overbroad as to time or scope, seeking records from January 1, 2016, approximately six months before plaintiff's employment, to the present. Plaintiff alleges he had a disability during his

[1] Plaintiff also previously asserted an objection based on attorney-client privilege, but has not argued that objection to the court, and therefore has abandoned the objection.

employment and that he suffered and continues to suffer emotional distress related to the conduct of his employer. Evidence of plaintiff's emotional state from prior to the onset of his physical disability and prior to the alleged harassment is relevant and may be reflected in the records.

For these reasons, to the extent plaintiff objects to the subpoenas on the grounds of relevance, overbreadth, and scope, the motions to quash are denied. This also applies to plaintiff's compromise proposal, which implicates a review of subpoenaed records for scope and relevance.

In addition, plaintiff has waived his privacy rights by placing his physical and mental conditions directly at issue in this litigation. Plaintiff seeks damages for discrimination based on disability, failure to accommodate physical disability, and harassment \ hostile workplace environment, among other alleged violations. His medical and mental health records are discoverable. See, e.g., Wheat, 2023 WL 8544226, at *3 ("At this stage, the medical and mental health records sought by Defendant are relevant to evaluating Plaintiff's disability claim and the possible alternate causes or contributors to both her physical injuries and her significant emotional distress."); Hooks v. Target Corp., No. 5:22-cv-00052-SSS (SPx), 2022 WL 18142528, at *2 (C.D. Cal. Dec. 29, 2022) (concluding both the constitutional protection and the statutory privilege for medical records under California law can be waived if the patient puts the information sought at issue in litigation). The court finds plaintiff waived his privacy rights as to these subpoenaed records, and defendant's need for the records outweighs plaintiff's privacy considerations.

That leaves plaintiff's assertion of work product privilege as to Kaiser's communications with plaintiff's attorneys. "Unlike attorney-client privilege, attorney work-product protection is not automatically waived upon disclosure to third parties." California Sportfishing Prot. All., 299 F.R.D. at 645. There is an exception to the waiver rule when work product is disclosed to participants in a joint or common defense or to individuals with common interests. Nidec Corp. v. Victor Co. of Japan, 249 F.R.D. 575, 578 (N.D. Cal. 2007) (noting the common interest doctrine has its origins in situations where one attorney acts for two clients). "[T]he common interest exception to waiver requires that a disclosure be made in furtherance of a common legal interest in order to preserve the attorney-client privilege[.]" Id. at 580.

Here, plaintiff has not identified any specific communications or types of communications from his attorneys to non-party Kaiser that would be protected attorney work product and instead asserts "any substantive communications from counsel" to Kaiser "may" reflect counsel's mental impressions. (ECF No. 17 at 13.) Plaintiff does not assert he has a "joint legal interest" with Kaiser or that any communications responsive to the subpoenas were designed to further that common interest. See Nidec Corp., 249 F.R.D. at 578. This objection is overruled because there is no indication that any communications responsive to the subpoena are protected attorney work product.

Finally, plaintiff proposes the parties submit a stipulated protective order under Local Rule 141.1 within seven days of the court's ruling on this matter. (ECF No. 17 at 13.) Defendant states plaintiff declined a prior proposal for a protective order during the meet and confer process. (Id. at 22.) The court encourages the parties to promptly submit a stipulated protective order.

**IV. Order**

For the reasons set forth above, IT IS ORDERED that plaintiff's motions to quash (ECF Nos. 10, 13, 14, and 15) are DENIED and the hearing set to take place on October 28, 2026, is VACATED.

Dated: October 23, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 smit26cv1632.quash